**Marita K. O'NEIL,
Respondent–Appellant,**

v.

**Terence M. O'NEIL,
Petitioner–Appellee.**

**No. 02A03–8703–CV–86.**

Court of Appeals of Indiana,
Third District.

Jan. 12, 1988.
Rehearing Denied March 30, 1988.

John H. Heiney, Rothberg, Gallmeyer, Fruechtenicht & Logan, Fort Wayne, for respondent-appellant.

Sherie L. Hampshire, David Peebles, Fort Wayne, for petitioner-appellee.

GARRARD, Presiding Judge.

In August 1975 the marriage of Terence and Marita O'Neil was dissolved. Custody of four minor children was awarded to the mother and the father was ordered to pay support in the gross amount of $546.10 per month.

On March 30, 1977 the mother petitioned for an increase in support. In August the court determined no material change in circumstances had been shown and denied the petition. Following the mother's motion to correct errors the court, however, vacated the denial and determined an additional hearing should be held. Additional evidence was heard and the matter was taken under advisement.

On July 31, 1984 the court ordered modification increasing the support allowance to $620 per month. Following the father's motion to correct errors this modification was vacated on July 2, 1985 and the motion was reset for hearing. Once again additional evidence was heard and on December 4, 1985 the court entered its final order on all matters before it relating to child support. No challenge has been made on the ground that some issue or other was not properly before the court, and we assume the matters adjudicated were litigated by consent. Furthermore, neither party has challenged the reasonableness of support amounts, the sums paid by the father, or the computations concerning deficiencies. Accordingly, we accept all those findings as correct as to the specific sums in question.

The court order of December 4, 1985 determined that over the intervening years all four of the parties' children had become emancipated and that accordingly the court's task was to determine whether there was a deficiency owed to the mother and, if so, the amount thereof.

The court was correct in doing so. In its opinion the trial court determined the following:

1) The 1984 order had been appropriate and the court should have increased support to $620 per month effective November 30, 1977.

2) There was a potential arrearage of $17,647.10 if the original order continued unmodified until the date of emancipation of the youngest of the four children;

3) If the modification to $620 per month effective November 30, 1977 was computed, the support deficiency would be $32,269.10;

4) Each of the parties' four children have become emancipated, one in February 1980, one in June 1982, one in February 1984, and the last in June 1985, and that the father should be equitably entitled to a 20% reduction of support at the $620 per month rate when and as each of the first three became emancipated, which when computed out would leave a net arrearage under the modified order of $18,009.10;

5) Since August 1977, the father had directly paid educational costs for his children in the amount of $32,697 and had assumed responsibility to repay student loans in a principal amount in excess of $21,500.

6) The father should receive credit for $27,519 of direct educational costs paid by him and that his support obligation was fully discharged.

The mother appeals claiming two errors. She contends that the court's action in deducting amounts from the total due on account of the emancipation of the children was an impermissible retroactive modification of support. Secondly, she asserts the father was not entitled to credit for the education expenses which were not paid in conformity with the terms of the original support order.

We agree that where a child becomes emancipated a father, who is under an order directing that he pay a gross sum for the support of several children, is not

entitled to automatically reduce his support payments by the mathematical proportion that the one child represents to all the children. *Reffeitt v. Reffeitt* (1981), Ind. App., 419 N.E.2d 999. We also agree that the court cannot modify support awards retroactively. *Hayden v. Hite* (1982), Ind. App., 437 N.E.2d 133.

■ The flaw in the mother's argument is that it misperceives what the court was doing. The court computed the support deficiency under the terms of the original order, which was the only order in force at the time of the hearing, and found it to be $17,647.10. The court was not empowered to retroactively reduce that amount, and it did not.

In considering the petition to modify, the court determined that an increase to $620 per month was justified. Ordinarily, such modifications also operate only prospectively. *Kniffen v. Courtney* (1971), 148 Ind. App. 358, 266 N.E.2d 72. However, in *Kruse v. Kruse* (1984), Ind.App., 464 N.E. 2d 934 and *In re Marriage of Wiley* (1983), Ind.App., 444 N.E.2d 315 we held that the ban against retroactive modifications was not violated by a modification made effective at or after the filing of the petition requesting it. We additionally held that the trial court is invested with discretion to determine when the order should become effective. Here the trial judge determined that it would be appropriate for the increase to be effective as of a date close to the time when the mother's first motion to correct errors had been granted, even though more than eight years was involved.

In doing so the judge recognized that it would be wrong and contrary to the logic and effect of the circumstances before the court to apply a retrospective increase so as to require additional support payments to children who had already become emancipated. He therefore reduced the retrospective application of the increase *then*

*being awarded* to account for those emancipations.[1] Since neither the time/fact of emancipation nor the dollar amounts of the reductions have been challenged, we conclude the court did not abuse its discretion by deducting the amounts it deducted from the retrospective application of the increase which was being granted. Furthermore, in doing so it did not violate the proscription against retroactive modifications.

■ Accordingly, we turn to the mother's second contention.[2] She points out that the decree ordered the father to pay $546.10 per month to the clerk of the court. She argues that since the college expenses he paid were not in conformity to the order, he should receive no credit for any of them. We disagree, as we did in *Castro v. Castro* (1982), Ind.App., 436 N.E.2d 366. There we acknowledged that a support-obligated parent might be found in contempt for refusing to follow the court-ordered manner of paying support. Such a parent also bears the risk that the factfinder will not credit his or her testimony as to amounts or that certain payments were support payments at all. On the other hand, we held that money actually paid and received in discharge of a judicially declared obligation of support is to be credited upon the obligation.

In the case before us it is undisputed that the father expended the sums in question and that such sums were expended directly for the educational needs of the children. Furthermore, this approach was acquiesced in by the mother over a period of years because she took no action to challenge it.

She would distinguish *Castro* on the basis that payments there were made directly to the mother. Although she is correct in her facts, they furnish no basis for finding *Castro* inapplicable. In both cases the ordered payment was to the clerk of the court, so in both cases the literal requirements of the order were violated. On the

---

1. As previously noted the reductions did not reduce the prospective deficiency below that due under the terms of the original order.

2. We combine her allegations that evidence of educational payments not made in conformity to a court order should have been excluded as irrelevant with the assertion that it was error to allow the credit.

other hand, the significance of how the payment was actually made arises in its effectiveness at persuading the trier of fact that it was indeed support. Here the trial judge was persuaded that the father was entitled to credit for $25,519 of the $54,000 educational liability he had already paid or assumed. We find no error in the court's doing so.

Affirmed.

RATLIFF, C.J., and STATON, J., concur.