**Marita K. O'NEIL, Appellant (Defendant Below),**

v.

**Terence M. O'NEIL, Appellee (Plaintiff Below).**

No. 02S03–8903–CV–210.

Supreme Court of Indiana.

March 10, 1989.

John H. Heiney, Rothberg, Gallmeyer, Fruechtenicht & Logan, Fort Wayne, for appellant.

Sherie L. Hampshire, Fort Wayne, David Peebles, Fort Wayne, for appellee.

DICKSON, Justice.

Marita K. O'Neil seeks transfer from the decision of the Court of Appeals which affirmed a trial court support modification. *O'Neil v. O'Neil* (1988), Ind.App., 517 N.E.2d 433. Transfer is granted.

In its discussion of the first issue presented, the Court of Appeals approved a partial support reduction upon the emancipation of each of the parties' children, retroactive to the date of filing of the modification petition. Pursuant to Appellate Rule 11(B)(3) we approve, adopt, and incorporate by reference the decision of the Court of Appeals upon this issue.

In response to the second issue, the Court of Appeals affirmed the trial court

order granting the father a credit against support arrearage by reason of his voluntary direct contributions to the children's educational costs. If the original support order had not been modified, the father's arrearage would have been $17,647.10. As modified by the retroactive support increase and adjusted by the emancipation reductions, the father's resulting support arrearage was $18,009.10. Although not under any order or other legal obligation to do so, the father had directly paid educational costs for his children and had assumed responsibility to repay their student loans. The trial court order provided that the father "should receive credit for $27,519.00 of direct educational costs paid by him and that his support obligation was fully discharged."

We recognize the proper general rule that an obligated parent will not be allowed credit for payments not conforming to the support order. *Isler v. Isler* (1981), Ind. App., 422 N.E.2d 416, 419, *reh. denied,* 425 N.E.2d 667, 669; *Breedlove v. Breedlove* (1981), Ind.App., 421 N.E.2d 739, 744; *Whitman v. Whitman* (1980), Ind.App., 405 N.E.2d 608, 614.

■ Certain narrow exceptions to this general rule have been recognized. In *Castro v. Castro* (1982), Ind.App., 436 N.E.2d 366, the issue involved support payments made by the father directly to the mother rather than through the Clerk's Office. The father contended that there was no arrearage, proffered recent receipts as evidence of his course of conduct, and explained his discarding of prior receipts. The mother admitted that he had made direct payments of the support and that she had no personal opinion as to whether or not he was in arrears. Emphasizing that the problem was "in reality an evidentiary one," the Court of Appeals stated that "[m]oney actually paid and received in discharge of a judicially declared obligation of support is just that." 436 N.E.2d at 368. We therefore read *Castro* to permit recognition of technically non-conforming payments of a judicially declared support obligation when proof is sufficient to convince the trier of fact that the required payments

were actually made by the obligated party to the person entitled thereto. In *Payson v. Payson* (1982), Ind.App., 442 N.E.2d 1123, credit for non-conforming payment was also recognized.

> In a situation where, as here, the parties have *agreed to and carried out an alternate method of payment which substantially complies with the spirit of the original support decree,* we find it would be unfair to refuse to credit the non-custodial parent simply because the payments were not made through the Clerk. (Emphasis in original)

442 N.E.2d at 1129. Like *Castro,* this case hinged upon the trial judge's credibility determinations and conclusion that the wife "agreed to accept the alternate payments," *Id.* at 1130, which substantially complied with the support order. A further limited exception to the general *Whitman* rule was recognized in *Isler:*

> We are of the opinion that a narrow exception to the rule may exist in a case where the obligated parent, by agreement with the custodial parent, has taken the child or children into his or her home, has assumed custody of them, has provided them with food, clothing, shelter, medical attention, and school supplies, and has exercised parental control over their activities and education for such an extended period of time that a permanent change of custody is demonstrated.

425 N.E.2d at 670.

■ In the case before us, the college education of the children was not a judicially decreed obligation of either party. Payment of the education expenses did not result in repayment to the mother as custodial parent of her past expenses in meeting the needs of the children. The volunteered payments did not substantially comply with the decree. There were no express agreements between the parties that the mother would deem the father's payment of educational expenses as full satisfaction of his support arrearage, nor that the father was assuming a permanent change of custody. We find that the trial court erred in allowing the father any credit against his sup-

port obligation for sums voluntarily paid for the children's educational costs.

Cause remanded for further proceedings not inconsistent with this opinion.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.