**In re The Marriage of Nancy KAPLON, formerly Nancy Harris, Appellant (Petitioner Below),**

v.

**Ronald HARRIS, Appellee (Respondent Below).**

**No. 50A03–8911–CV–513.**

Court of Appeals of Indiana, Third District.

April 19, 1990.

Peter L. Rockaway, Rockaway and Shorter–Pifer, Plymouth, for appellant.

E. Nelson Chipman, Jr., Plymouth, for appellee.

HOFFMAN, Presiding Judge.

Appellant Nancy Kaplon (formerly Nancy Harris) appeals a reduction of Ronald Harris' child support arrearage. The facts indicate that in April 1979, Ronald and Nancy dissolved their marriage. In the original dissolution decree, the court awarded Nancy custody of the couple's three children and ordered Ronald to pay $96.00 a week in child support.

On April 26, 1989, Ronald filed a petition to modify the original dissolution decree because two children were emancipated and one child had died. On August 1, 1989, the court determined that Ronald Harris had accumulated a $4,104.00 child support arrearage. Appellant contends the trial court erred in the following:

"1. That the Support Order in full force and effect of ninety-six dollars ($96.00) per week, amounts to an accumulated arrearage of four thousand one hundred and four dollars ($4,104.00) that should be due by Respondent to the Petitioner, as of the hearing date July 31, 1989.

2. That against said total arrearage, the Court now finds the parties agreed and stipulated that the Respondent was entitled to a credit of seven (7) weeks, during which time one (1) child lived with the Respondent at the rate of thirty-two dollars ($32.00) per week, for a total credit of two hundred and twenty-four dollars ($224.00). Additionally, the court finds that the one (1) son died as of October 10, 1987 and that no support arrearage would accrue as to the deceased child, and that since the death of the child, there have been ninety-four (94) weeks pass and allowing the same rate of credit to which the parties agreed and stipulated of thirty-two dollars ($32.00), that the Respondent is entitled to an additional credit of three thousand eight dollars ($3,008.00), which applying said credits to the support arrearage, there is due and owing, the Respondent to the Petitioner, the sum of seven hundred and seventy-two dollars ($772.00). Additionally, the Court finds that the Respondent was primarily responsible for funeral expenses incurred on behalf of the deceased child, which expenses exceeded the sum of three thousand dollars ($3,000.00) and that a certain credit should also be allowed for said expenses, and the Court

finds therefore, that it is fair, just, and equitable that there be an additional credit for the balance of the arrearage due and owing and that no monies should be found due by Respondent, to the Petitioner, or by Petitioner to the Respondent...."

The trial court properly honored the stipulated seven-week credit and the stipulation issue was not raised on appeal. Appellant did raise the issue of whether the trial court properly reduced the arrearage against unstipulated sums.

■ A court may not retroactively reduce, modify or vacate a support order. *Corbridge v. Corbridge* (1952), 230 Ind. 201, 206, 102 N.E.2d 764, 767; *see also* IND.CODE § 31–2–11–12(a) (1988 Ed.).

■ The ban against retroactive modifications is not violated by a reduction of support made effective at or after the filing of the petition requesting it. A trial court has discretion to make a modification of a support order relate back to the date a petition to modify is filed or to any date thereafter. *In re Marriage of Wiley* (1983), Ind.App., 444 N.E.2d 315, 319.

*O'Neil v. O'Neil* (1988), Ind.App., 517 N.E.2d 433, rev'd on other grounds (1989), Ind., 535 N.E.2d 523, affirmed the trial court's reduction of an increase in support after a modification petition was filed. The trial court was not empowered to retroactively reduce the arrearage accumulated under the terms of the original order. *Id.* 517 N.E.2d at 435.[1]

■ In the present case, the trial court violated the ban against retroactive modifications by reducing the support arrearage accumulated under the original support order prior to the filing of the modification petition.

■ When the duty to support an individual child terminates under an in gross or lump sum support order for several children, the obligated parent should not be allowed to automatically reduce support payments by a mathematical proportion. *Ross v. Ross* (1979), Ind.App., 397 N.E.2d 1066, 1068.

The trial court erred by retroactively reducing the arrearage from the original in gross support order for several children by a mathematical proportion 94 weeks after a child had died.

■ The trial court erred in setting off the remainder of the child support arrearage against the funeral expenses paid by Ronald. The dissolution decree and statutory law fail to provide guidance on how the costs of a child's funeral expenses should be divided between a custodial and a noncustodial parent. In *O'Neil v. O'Neil* (1989), Ind., 535 N.E.2d 523, the trial court erred in allowing a father to credit sums voluntarily paid for the children's educational costs. The college education of the children was not a judicially decreed obligation of either party and there was no express agreement that the payment of educational expenses would satisfy the support arrearage. *Id.* at 524. The voluntary payment of funeral expenses by a noncustodial parent can be compared to the noncustodial parent voluntarily providing a child food, clothing or educational expenses in addition to payment of a child support obligation. A noncustodial parent could not legally reduce a voluntary payment for

---

1. The dissent errs when it states that the instant case and *O'Neil* present the same scenario. In the present case, Ronald petitioned for a decrease in support on April 26, 1989. The trial court retroactively reduced the child support arrearage accumulated under the original support order prior to the filing of Ronald's petition to modify.

In *O'Neil,* the mother petitioned for an increase in support on March 30, 1977. The trial court initially denied the increase. After the mother filed a motion to correct error, the trial court granted the motion to correct error and on July 31, 1984, entered an order increasing the sup-

port effective November 30, 1977. The father then filed a motion to correct error and the court granted the same and readjusted the support payments reflecting the change in circumstances which occurred between November 30, 1977, the day the petition was filed, and December 4, 1985, the day the court made an order pursuant to the petition which had been filed November 30, 1977. The trial court did not reduce the arrearage accumulated prior to the filing of mother's petition to modify on November 30, 1977. The appeal was from the order of December 4, 1985, pursuant to the petition filed November 30, 1977.

food, clothing or educational expenses from a child support arrearage. The trial court erred in reducing voluntary payment of funeral expenses from the child support arrearage.

■ The trial court erred in the following:

"[T]he court finds that the youngest child is eighteen (18) years of age and a graduate from High School with no definite plans as to attend an Institution of Higher Education. That she is gainfully employed and not living in the home of the Petitioner and that for that reason, she is for all purposes, emancipated and that the current support Order of ninety-six dollars ($96.00) per week, ought to be and is hereby terminated, effective immediately. *The Court allows the opportunity for the youngest child to return to Court to pursue contributions from the Respondent for educational expenses, once such educational plans have become more definite.*" [Emphasis added.]

"The relevant portion of IND.CODE § 31–1–11.5–12 (1988 Ed.) provides:

'(d) The duty to support a child under this chapter ceases when the child reaches twenty-one (21) years of age unless:

(1) the child is emancipated prior to reaching twenty-one (21) years of age in which case the child support, except for the educational needs outlined in subsection (b)(1), terminates at the time of emancipation; however, an order for educational needs *may continue* in effect until further order of the court[.]' [Emphasis added.]

This portion of the statute was interpreted in *Martin v. Martin* (1986), Ind., 495 N.E.2d 523, 525:

'It must be noted, however, that the disputed clause does not state that an order for educational needs "may be first initiated." The statute only provides that such order "may continue." The statute does not authorize adult children to use post-dissolution proceedings to finance the expenses of college commenced or resumed later in life. If this had been the intention of the General Assembly, we presume that the enacted statute would have so provided. It does not. The statutory language is clear. Where educational needs are expressly included in a support order enacted prior to a child's emancipation or attaining age 21, the trial court is authorized to continue to address such educational needs.'"
*Wittwer v. Wittwer* (1989), Ind.App., 545 N.E.2d 27, 29.

The trial court erred in inviting the youngest child to return to court to pursue contributions for educational expenses. Educational expenses were not a judicially decreed obligation of either parent prior to the youngest child's emancipation. The trial court erred in inviting the initiation of an order for educational expenses after the youngest child had been emancipated.

Reversed.

STATON, J., concurs.

BAKER, J., dissents in part and concurs in result in part with opinion.

BAKER, Judge, dissenting in part and concurring in result in part.

Both the majority and Nancy have mischaracterized the actions of the trial court. They assert that the trial court has in effect retroactively modified the child support order. It has not.

In *O'Neil v. O'Neil* (1988), Ind.App., 517 N.E.2d 433, *rev'd on other grounds* (1989), Ind., 535 N.E.2d 523, this court was faced with a contention similar to the one presented by Nancy. In *O'Neil*, the trial court determined that pursuant to an earlier petition to modify, the father's child support obligation should have been increased from $546 per month to $620. This court held that the rule against retroactive modifications was not violated when the trial court granted the father an equitable reduction of the support arrearage for each of the first three of the couple's four children. These three children became emancipated during the period the arrearage accrued. The same scenario is presented in the case before us. The trial court first determined the amount of Ronald's arrearage under the terms of the parties' original

child support order. After making the arrearage calculation, the trial court then gave Ronald credit for: (1) $32 per week for a 7–week period during which one child lived with him as stipulated by the parties; (2) $32 per week for a 94–week period beginning with the date of death of the middle child; and (3) a portion of the $3,008 he paid in funeral expenses. All of these amounts constituted a credit against Ronald's arrearage, not a retroactive modification.

"The paramount concern in any approach taken by an appellate court must be the best interest of the children." *Whitman v. Whitman* (1980), Ind.App., 405 N.E.2d 608, 613. The intended purpose of child support payments is to provide for the support and maintenance of the parties' children. In the present case, the parties suffered the tragedy of losing a child. Such an event obviously makes consideration of his best interests inapplicable. Any payments made or due on his behalf can no longer be used for the intended purpose of support and maintenance. It was not against the logic and effect of the circumstances for the trial court to grant Ronald a credit for the period following the death of the parties' child.

The parties' child support order did not provide for the payment of funeral expenses. It is unreasonable to suggest there is a similarity between the voluntary payment of funeral expenses by a noncustodial parent and that parent gratuitously providing food or clothing for his child. The latter is an expected, ongoing expense of parenting while the former is a sudden, unexpected expense associated with the untimely death of a child. Such an extraordinary expense is rarely, if ever, considered by the parties or the trial court in the fashioning of a satisfactory support order. While Ronald requested that the funeral expenses be divided equally, it was not against the logic and effect of the circumstances for the trial court to simply give him a credit for the balance of his child support arrearage of $772. The result reached by the majority exacerbates the tragedy suffered by the parties' loss of their child. In effect, the majority invites bereaved parents to visit the courthouse on their way to the funeral home. Such an invitation is inappropriate when extended during the height of the parents' grief and loss. I cannot join in this result. I would affirm the trial court with respect to its calculation of Ronald's arrearage.

I concur in result as to the majority's disposition of the education expenses issue.