**In re The Marriage of Nancy KAPLON, (Formerly Harris) Appellant (Petitioner Below),**

**v.**

**Ronald HARRIS, Appellee (Respondent Below).**

No. 50S03–9103–CV–182.

Supreme Court of Indiana.

March 8, 1991.

Peter L. Rockaway, Plymouth, for appellant.

E. Nelson Chipman, Jr., Plymouth, for appellee.

SHEPARD, Chief Justice.

After a child of this marriage died, the trial court reduced the non-custodial parent's support obligation by one-third, retroactive to the date of the child's death. It also gave the non-custodian credit for the child's funeral expenses. The first of these was error, the second was proper.

Nancy Kaplon (formerly Nancy Harris) and Ronald Harris were divorced in April 1979. The dissolution decree gave Nancy custody of the couple's three children, Bryan, age 11, Rodney, age 9, and Lynn, age 8. The trial court ordered Ronald to pay $96.00 per week for the children's support.

All three children lived with their mother until late January 1987 when Rodney began a seven-week stay with his father. After the seven weeks with Ronald, Rodney moved back to his mother's home. He moved out again in the summer of 1987 and was apparently residing with his paternal grandfather at the time of his death on October 10, 1987.

Nancy testified that upon Rodney's death, Ronald's new wife told Nancy that Nancy would not be allowed to participate in the funeral arrangements and would not be welcome at the funeral. Ronald paid most of Rodney's funeral expenses, which totaled $3182.13. Nancy paid approximately $850.00 for the gravestone and the grave site.

A year and a half after Rodney's death, on April 26, 1989, Ronald filed a petition to modify or terminate support claiming that Brian and Lynn were emancipated and that Rodney was dead. On May 16, 1989, Nancy filed a petition for a contempt citation claiming that Ronald had failed to meet his support obligation. The trial court held a hearing on both petitions on July 31, 1989. On August 1, 1989, it found that Ronald owed $4,104.00 in child support as of July 31, 1989. It also found the following:

That against said total arrearage, the Court now finds the parties agreed and stipulated that the Respondent was entitled to a credit of seven (7) weeks, during which time one (1) child lived with the Respondent at the rate of thirty-two dollars ($32.00) per week, for a total credit of two hundred and twenty-four dollars ($224.00). Additionally, the Court finds that the one (1) son died as of October 10, 1987 and that no support arrearage would accure [sic] as to the deceased child, and that since the death of the child, there have been ninety-four (94) weeks pass and allowing the same rate of credit to which the parties agreed and stipulated of thirty-two dollars ($32.00), that the Respondent is entitled to an additional credit of three thousand eight dollars ($3,008.00), which applying said credits to the support arrearage, there is due and owing, the Respondent to the Petitioner, the sum of seven hundred and seventy-two dollars ($772.00). Additionally, the Court finds that the Respondent was primarily responsible for funeral ex-

penses incurred on behalf of the deceased child, which eexpenses [sic] exceeded the sum of three thousand dollars ($3,000.00) and that a certain credit should also be allowed for said expenses, and the Court finds therefore, that it is fair, just, and equitable that there be an additional credit for the balance of the arrearage due and owing and that no monies should be found due by Respondent, to the Petitioner, or by Petitioner to the Respondent.

Record at 35. The court also found that Rodney's two siblings were emancipated and ordered termination of the support payments.

Nancy appealed the portions of the trial court's decision giving Ronald credit for Rodney's funeral expenses and one-third of support due during the ninety-four weeks. The Court of Appeals reversed on these issues, holding that the trial court had erred by modifying a support order with respect to obligations which had already accrued before the date of Ronald's petition to modify. *Kaplon v. Harris* (1990), Ind.App., 552 N.E.2d 528. Judge Baker dissented in part, saying that the court had merely awarded proper credits against existing obligations. We grant transfer.[1]

■ We begin by examining the trial court's decision to credit Harris with one-third of the $96.00 he was obligated to pay, beginning with the week of Rodney's death. In making the original determination as to the amount of child support a non-custodial parent should pay, a trial court must consider the financial resources of each parent, the standard of living the children would have enjoyed had the parents remained married, the physical or mental condition of each child, and each child's educational needs. *See* Ind.Code § 31–1–11.5–12(a) (West Supp.1990). In application of these criteria, it is entirely possible that the weekly or monthly lump sum support payment could include a different amount of support for each child in the family.

■ The procedural rules applicable to this case are similar to those used when one of several children becomes emancipated, an event which terminates the obligation to support a child. Under an undivided support order for several children, the obligated parent may not arbitrarily reduce the support payment. Instead, the obligor should petition the trial court for an examination of current conditions to determine if modification of the order is proper. *Ross v. Ross* (1979), Ind.App., 397 N.E.2d 1066. If a petition to modify is filed, the trial court should reapply the original criteria to determine what, if any, alteration in support is appropriate under the new conditions.

■ In this case, the trial court effected a mechanical reduction, reducing the child support due by one-third beginning on the date of Rodney's death. The court's findings indicate that it credited one-third of each week's payment against Ronald's arrearage not because current conditions merited that amount, but because the parties had previously agreed that Ronald should be credited $32.00 per week for each of the seven weeks that Rodney lived with him.[2] The trial court erred in calculating the amount of credit in this way.

■ The trial court also erred in determining the number of payments for which Ronald could receive the partial credit. A trial court may not retroactively modify an obligated parent's duty to pay a delinquent support payment. Ind.Code § 31–2–11–12(a) (West Supp.1990). A court may modify an obligated parent's duty to pay a delinquent support payment, however, if the payment becomes due after the other parent has been notified of the petition to modify but before the final order on the petition is entered. *See* Ind.Code § 31–2–11–12(b) (West Supp.1990).

---

1. A dispute concerning college expenses is not challenged on transfer. We summarily affirm the Court of Appeals' resolution of that issue. Ind.Appellate Rule 11(B)(3).

2. Whether this credit for seven weeks was legally owing is open to doubt, but there is no dispute on appeal concerning this stipulation.

Ronald filed his petition to modify support on April 26, 1989. The trial court was empowered to credit, modify or terminate Ronald's obligation for the support payments coming due after that date. Instead, the court wrongly effected a retroactive modification by crediting Ronald with one-third of every support payment due after the date of Rodney's death, October 10, 1987.

The second issue before us is whether the trial court erred by crediting Rodney's funeral expenses against Ronald's support arrearage. An obligated parent will not generally be allowed credit for payments not conforming to the support order. *O'Neil v. O'Neil* (1989), Ind., 535 N.E.2d 523. Indiana courts have recognized narrow exceptions to this rule for payments made directly to the mother, payments made via an alternative method agreed to by the parties and substantially complying with the existing decree, and payments covered when the non-custodial parent takes custody of the children with the other parent's consent. *Id.* We find that funeral expenses are an area in which a narrow exception to the no-credit rule should be made.

Voluntary payment of funeral expenses by a non-custodial parent differs from the voluntary provision of food, clothing, or educational expenses not covered by the support order. Funeral expenses for a minor child are seldom, if ever, contemplated when support orders are prepared. The statutory criteria for evaluating child support focus on the parents' financial resources, the standard of living the child would have enjoyed had the parents remained married, the child's mental and physical condition, and the child's educational needs. Ind.Code § 31-1-11.5-12(a). A child's needs for food, clothing, and education fall directly under the criteria and are routinely considered when support orders are prepared. In contrast, neither the parents nor the trial court are likely to raise the extraordinary issue of funeral expenses unless a child's physical condition is so poor at the time of the dissolution that death is imminent.

Without an exception to the no-credit rule, a non-custodial parent would be forced to file a petition to modify before making arrangements for a child's funeral if the parent wished to preserve the possibility of gaining financial participation by the other parent. Courts should not impose such a grisly requirement upon a parent who is facing the tragedy of a child's death. Consequently, we hold that a trial court may properly entertain a request concerning funeral expenses retroactively through a petition to modify or through a claim for credit.

During the hearing on the petitions in this case, Ronald testified that he incurred $3182.13 in funeral expenses and that he would like to be credited for them in some way. The trial court first credited one-third of ninety-four support payments against the arrearage leaving only $722.00 to be paid. It then said that Ronald should be allowed "certain credit" for the funeral expenses and found that no money would be found owing by one party to the other. The trial court was authorized to entertain such a request for credit. Of course, it was not required to grant the credit or grant all of it.

The opinion of the Court of Appeals is vacated. The trial court's decision to allow credit for funeral expenses is affirmed. The case is remanded for a new calculation of the amount of support due which had accumulated prior to the filing of Ronald's petition to modify.

DeBRULER, GIVAN, DICKSON and KRAHULIK, JJ., concur.