## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 02 2020, 10:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

George Guido
Guido Law Office, LLC
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Lierin A. Rossman
Stucky, Lauer & Young, LLP
Fort Wayne, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nicholas J. Reinoehl,<br>*Appellant*,<br><br>v.<br><br>Tessa E. Leins,<br>*Appellee*. | July 2, 2020<br><br>Court of Appeals Case No.<br>19A-DR-2741<br><br>Appeal from the DeKalb Circuit Court<br><br>The Honorable Allen N. Wheat, Special Judge<br><br>Trial Court Cause No.<br>17C01-0906-DR-181 |

**Brown, Judge.**

[1] Nicholas J. Reinoehl ("Father") appeals from the trial court's October 22, 2019 order modifying his annual contribution to dance expenses for his child, A.R., finding him in contempt for failing to reimburse Tessa E. Leins ("Mother") for unreimbursed dance expenses, and awarding damages and attorney fees to Mother. We affirm.

## *Facts and Procedural History*

[2] Father and Mother have one child together, A.R., born in 2007. Since age five, A.R. has participated in dance and had the support of both parents in this pursuit.[1]

[3] On January 23, 2012, the DeKalb Circuit Court granted Mother sole legal custody of A.R., awarded the parties' shared physical custody, and established Father's child support obligation in the amount of $103 per week as calculated according to the Indiana Child Support Guidelines (the "Guidelines").[2] His percentage share of total weekly adjusted income was 80.48%.

[4] On September 3, 2015, the court issued an order (the "2015 Order") addressing each parent's financial responsibility for A.R.'s dance expenses and stating that, commencing with calendar year 2016 and each calendar year thereafter,

---

[1] Father testified he has attended every dance competition and that he believes he has missed only two "things ever that she's had" since she started dancing. Transcript Volume II at 184. A.R. "participates in all genres of dance," including jazz, ballet, lyrical, contemporary, and musical theater. Exhibits Volume III at 137.

[2] The child support obligation worksheet and document attached to the court's order indicate Father was awarded credit for 182 overnights.

Father's annual reimbursement obligation to Mother shall be in an amount not to exceed $800 per year and that Father shall satisfy his reimbursement obligation to Mother "by paying Mother within thirty (30) days of Mother presenting to Father written proof that a debt has been incurred on account of [A.R.] participating in a dance program(s) within which she has been enrolled by Mother." Appellee's Appendix Volume II at 54. It noted that the total expenses for A.R. to participate in her present dance program can exceed $2,000 per year, Father has yearly gross earnings of approximately $50,000, and Mother has yearly gross earnings of approximately $700.

[5] On December 1, 2015, the court issued an order awarding Mother primary physical custody of A.R., finding "it has become necessary to specify what Father's parenting times will be with" A.R., and modifying his parenting time to a schedule which the court indicated "deviate[d] to some degree from that put forth" in the Indiana Parenting Time Guidelines, but concluded it was in A.R.'s best interests. *Id.* at 64, 66. Pursuant to an attached child support obligation worksheet based on Father's parenting time of ninety-eight overnights annually and calculating his percentage share of total weekly adjusted income to be 81.38%, the order further modified Father's regular base support obligation to $138 per week.

[6] On February 8, 2018, Father filed a Motion to Enforce Court Order Regarding Counseling and/or Request for Appointment of Alternative Counselor, and the next day he filed a Motion to Modify Parenting Time as to Extended Parenting

Time. On March 30, 2018, Mother filed her responses to Father's motions and a Motion for Rule to Show Cause and Attorney Fee Award.[3]

[7] During the 2018-2019 academic school year, A.R. began participating in a modified schedule in which she attended core classes at the middle school in the DeKalb Central School District until noon and then, in the afternoons, attended Project Ballet which offered "pre-professional ballet training . . . curriculum for students . . . who have potential in ballet and the arts." Transcript Volume II at 101.

[8] On November 14, 2018, Father filed a Motion for Rule to Show Cause, and on November 19, 2018, Mother filed a Motion to Modify Summer Parenting Time and a Petition to Modify Dance Expense Contribution. Mother's petition stated: A.R. participated in additional dance classes and training besides those contemplated by the court's September 3, 2015 order; the associated costs have increased substantially; the financial circumstances of the parties had changed since the court's last order and the costs for dance should be revisited; Mother did not receive credit towards A.R.'s dance in the same manner she did when the September 3, 2015 order was issued[4]; and it was in the best interests of A.R. that the court's order "be modified to reflect Father contribute a reasonable

---

[3] The record does not contain a copy of the motion for rule to show cause and attorney fee award.

[4] Mother and her former employer had an "in kind basis . . . type of an agreement," wherein Mother would teach classes and "the director, the owner would . . . put credits into [A.R.'s] account to help pay for her dance expenses." Transcript Volume II at 103. Mother explained the agreement with her current employer at the August 27, 2019 hearing: "I receive a paycheck and I'm taxed on all the income now. [A]nd its not just an in kind basis like it was before." *Id.*

amount" for the costs associated with A.R.'s participation in dance. Appellant's Appendix Volume II at 101.

[9] On February 12, 2019, Mother filed an Amended Motion for Rule to Show Cause and Attorney Fee Award which alleged Father failed to reimburse her for his dance expenses for calendar years 2016-2019 and for certain uninsured medical expenses. On August 22, 2019, Father filed a motion requesting special findings of fact and conclusions of law. On August 27, 2019, the court held a hearing on all pending matters at which Mother and Father testified and presented evidence.

[10] On October 15, 2019, the court issued an order which found: A.R.'s dance expenses for the year ending 2015 were in the amount of $3,938.16; Father had no objection to A.R. participating in dance classes which she truly loves doing; A.R.'s annual dance expenses have increased from $3,938.16 for 2015 to $9,924.42 for 2018; for tax year ending 2018, Mother received $12,950.50 in employment income and Father received $82,268 in employment income; for tax years 2014 through 2017, Father had average income in the approximate amount of $63,000 per year; and A.R. loves to dance, and both parents want her to continue her dance training and performances. It ordered that, commencing with calendar year ending 2020, and each year thereafter until further order, Father pay Mother an amount not to exceed $3,500 as reimbursement for her payment of A.R.'s dance expenses.

[11]     Referring to the requirement in the 2015 Order that Father reimburse Mother for dance expenses, the court found: Father had not reimbursed Mother $269 in 2016, $800 in 2017, $800 in 2018, and $800 in 2019; the 2015 Order specifically required Father to reimburse Mother in an amount up to $800 per year and did not provide that Father would receive a credit against the amounts owed because of services he volunteered to perform on A.R.'s behalf; and Father knowingly and intentionally violated the court's order without justification or excuse. It found Mother had incurred attorney fees in pursuit of the matter and ordered judgment against Father for $2,669 plus interest for unreimbursed dance expenses and $1,500 for legal expenses incurred in pursuit of the contempt motion.

## *Discussion*

[12]     Where, as here, the trial court issued findings of fact and conclusions at the request of one of the parties, we apply a two-tiered standard of review. *Quinn v. Quinn*, 62 N.E.3d 1212, 1220 (Ind. Ct. App. 2016). First, we determine whether the evidence supports the findings, and second, whether the findings support the judgment. *Id.* The trial court's findings are controlling unless the record includes no facts to support them either directly or by inference. *Id.* Legal conclusions, however, are reviewed de novo. *Id.* We set aside a trial court's judgment only if it is clearly erroneous. *Id.* "Clear error occurs when our review of the evidence most favorable to the judgment leaves us firmly convinced that a mistake has been made." *Id.*

[13]     Father first claims Mother's Motion to Modify "at its core[] constitutes a request for modification" of a child support obligation under the 2015 Order which is governed by Ind. Code § 31-16-8-1,[5] and he argues the court did not make any direct finding or conclusion of law regarding the existence of any substantial and continuing changed circumstance which caused provisions of the 2015 Order relating to extraordinary extracurricular expenses to be unreasonable. Appellant's Brief at 26. He contends that extraordinary extracurricular support orders are not directly calculated in application of the Guidelines and asserts the 2015 Order "both contemplated and was crafted to be flexible, to any increased costs pertaining to A.R.'s already 'expensive' dance programming as a result of Mother's unilateral elective authority." *Id.* at 30.

[14]     We note Father does not point to authority to demonstrate that the modification of other extraordinary expenses is subject to the modification

---

[5] Ind. Code § 31-14-11-2.3 provides that a "child support order issued under [the paternity support] chapter is subject to the provisions in IC 31-16-6 through IC 31-16-13." Specifically, Father points to Ind. Code § 31-16-8-1(b), which provides:

> Except as provided in section 2 [Ind. Code § 31-16-8-2] . . . modification may be made only:
>
> (1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or
>
> (2) upon a showing that:
>
>> (A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and
>>
>> (B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

language provided in Ind. Code § 31-16-8-1. The subsection titled "Other Extraordinary Expenses" of Indiana Child Support Guideline 8 states:

> The economic data used in developing the Child Support Guideline Schedules do not include components related to those expenses of an "optional" nature such as costs related to summer camp, soccer leagues, scouting and the like. When both parents agree that the child(ren) may participate in optional activities, the parents should pay their pro rata share of these expenses from line 2 of the Child Support Obligation Worksheet. In the absence of an agreement relating to such expenses, assigning responsibility for the costs should take into account factors such as each parent's ability to pay, which parent is encouraging the activity, whether the child(ren) has/have historically participated in the activity, and the reasons a parent encourages or opposes participation in the activity. If the parents or the court determine that the child(ren) may participate in optional activities, the method of sharing the expenses shall be set forth in the entry.

[15] The court's order demonstrates that it contemplated the parties' ability to pay, A.R.'s historical participation in dance, the parties' agreement for A.R. to remain in dance, and the change in the parties' economic circumstances since the year 2015. Indeed, Mother presented evidence regarding changes in circumstances since the 2015 Order, including the birth of a third child, and a substantial increase in A.R.'s dance-related expenses. Father submitted his 2018 tax return, several 2019 paystubs, and a list of monies received from his side business, and he indicated his income "went up pretty significantly in 2018 from 2017." Transcript Volume II at 187.

[16] Mother submitted a document of A.R.'s dance expenses from 2012 to 2018, tuition documents for Project Ballet for the 2018-2019 year, and a ledger and supporting receipts for A.R.'s dance expenses at Ratio Dance, Mother's new dance studio employer. During cross-examination, Mother indicated that Father had never objected to A.R.'s involvement in dance programming provided by Ratio Dance. She indicated that she gave him the expenses every year and stated: "He asks me for the expenses, I give it to him. Not once in 2016 did he say hey I'm concerned about the cost. Not once in 2017 did he say hey I'm concerned about the cost. Nor in 2018." *Id.* at 149. Father testified, "I'm not saying I'm not willing to contribute more but at the same time I'm not willing, I'm not, I'm not saying the $4,500 is going to be fair to me." *Id.* at 211.

[17] Father testified he picks up A.R. from Project Ballet during his parenting time, and he indicated he did not believe he had expressed to Mother a problem or concern with A.R.'s participation in Project Ballet. In light of Father's agreement that A.R. should continue to participate in dance, A.R.'s historical participation in dance, the annual amount of dance expenses, and the discrepancy in incomes between Father and Mother, we cannot say that the trial court abused its discretion in ordering Father pay Mother an amount not to exceed $3,500 annually as reimbursement for A.R.'s dance expenses.

[18] Father next argues the trial court erred in finding he was in indirect contempt of the 2015 Order for his deemed failure to directly reimburse Mother his annual duty of financial support and contends the court disregarded his annual

fundraising activities on behalf and in support of A.R. which, as he asserts, caused Mother's annual obligations to be proportionally reduced.

[19] The 2015 Order addressed each parent's financial responsibility and stated: starting in 2016 and each year thereafter Father's annual reimbursement obligation to Mother shall be in an amount not to exceed $800 per year and Father shall satisfy his reimbursement obligation to Mother "by paying Mother within thirty (30) days of Mother presenting to Father written proof that a debt has been incurred on account of [A.R.] participating in a dance program(s) within which she has been enrolled by Mother." Appellee's Appendix Volume II at 54. Father stipulated to "not paying [Mother] cash $800.00" and that she provided him "[c]opies of that which has been incurred for dance" for 2016 through 2019. Transcript Volume II at 93. While he asserts the evidence, including Mother's admissions, demonstrated that his annual fundraising funds "were deposited as credits directly into A.R.'s separate account" at Mother's new employer and that Mother could and did "exert control over how these funds were annually used or applied in incurring dance expenses on behalf A.R.," Appellant's Brief at 49-50, he does not establish that Mother received the payments directly[6] or received a reimbursement for the monies applied or that she agreed to the alternative method of payment of the funds. In Indiana, a parent obligated to pay child support will not generally be allowed credit for

---

[6] Mother testified that the studio booster club which conducts the fundraising is a non-profit organization, that the fundraising "all goes through that," and that "[n]one of this fundraising has been through" Father and "[i]t's all through Ratio Dance." Transcript Volume II at 171, 179.

payments that do not conform with the child support order. *Decker v. Decker*, 829 N.E.2d 77, 79-80 (Ind. Ct. App. 2005) (citing *Kaplon v. Harris*, 567 N.E.2d 1130, 1133 (Ind. 1991)). Our courts have recognized narrow exceptions to this rule for: (1) payments made directly to the other parent, (2) payments made via an alternative method agreed to by the parties and substantially complying with the existing decree, (3) payments covered when the non-custodial parent takes custody of the children with the other parent's consent, and (4) payments made toward the funeral expenses of a child. *See id.* None of Father's claimed payments fall within any of these exceptions.

[20] Accordingly, we cannot say that the trial court abused its discretion in determining that Father was in contempt for failing to reimburse Mother for dance expenses spanning from 2015 until 2018. *See Reynolds v. Reynolds*, 64 N.E.3d 829, 832 (Ind. 2016) ("It is soundly within the discretion of the trial court to determine whether a party is in contempt . . . . We will reverse a trial court's finding of contempt only if there is no evidence or inference therefrom to support the finding. The trial court has the inherent power to maintain its dignity, secure obedience to its process and rules, rebuke interference with the conduct of business, and punish unseemly behavior." (internal citations and alterations omitted)).

[21] For the foregoing reasons, we affirm the trial court.

[22] Affirmed.

Najam, J., and Kirsch, J., concur.