**STATE of Indiana ex rel. Linley E. PEARSON, Attorney General, State of Indiana, Appellant (Plaintiff Below),**

v.

**Ronald L. BROWN; Ronald L. Brown, d/b/a Associated Professionals Agency, Appellee (Defendant Below).**

No. 53A04–8810–CV–338.

Court of Appeals of Indiana, Fourth District.

May 2, 1989.

---

Linley E. Pearson, Atty. Gen., Thomas D. Strodtman, Deputy Atty. Gen., Indianapolis, for appellant.

Grover B. Davis, McClure McClure & Kammen, Indianapolis, for appellee.

CONOVER, Presiding Judge.

Plaintiff–Appellant State of Indiana appeals an order dismissing its civil suit to recover excess insurance premiums paid by the City of Linton to Defendant–Appellee Ronald L. Brown d/b/a Associates Professionals Agency (Brown).

We affirm.

The attorney general articulates eleven issues. We consolidate and rephrase them as one:

whether the attorney general states a claim under IND.CODE 5–11–5–1 where he alleges neither misfeasance, malfeasance, nor nonfeasance in office or of any officer or employee of a governmental unit.

The State Board of Accounts audited the accounts of the City of Linton (City) in Greene County. It discovered the City paid more to Brown, an insurance agent, than was required by relevant insurance policies. The attorney general sued Brown under IND.CODE 5–11–5–1. Brown moved to dismiss under Ind.Rules of Procedure, Trial Rule 12(B)(6) and (7).

After hearing argument the trial court entered findings. It found, in relevant part, in the absence of a finding a public officer or public employee committed an act of malfeasance, misfeasance, or nonfeasance the attorney general is without authority to bring an action under IND.CODE 5–11–5–1. The trial court granted Brown's motion to dismiss, but granted the State 60 days to amend its complaint under T.R. 12(B)(8).

The State chose to appeal. Additional facts are included where necessary below.

We begin our discussion by emphasizing the narrow issue presented in this appeal. That issue is whether the complaint states a claim for relief under IND.CODE 5–11–5–1 when it fails to allege misfeasance, malfeasance, or nonfeasance in office by any public officer or employee.[1]

When construing a statute it is our duty to give effect to the intent of the legislature. *Park 100 Development Co. v. Indiana Department of Revenue* (1981), Ind., 429 N.E.2d 220, 222; *Ogle v. St. John's Hickey Memorial Hospital* (1985), Ind.App., 473 N.E.2d 1055, 1058; *Petition of Meyer* (1984), Ind.App., 471 N.E.2d 718, 720. Legislative intent as ascertained from an act as a whole prevails over the strict literal meaning of any word or term used therein. *Park 100 Development Co., supra.* Words and phrases are taken in their plain, ordinary, and usual meaning unless a different purpose is manifested by the statute. *Myers v. Greater Clark County School Corp.* (1984), Ind.App., 464 N.E.2d 1323, 1327, appeal after remand, 493 N.E.2d 1267; see also IND.CODE 1–1–4–1(1); see generally 26 Indiana Law Encyclopedia, Statutes Sections 111–137 (West, 1960).

The State argues (1) IND.CODE 5–11–5–1 grants the attorney general authority to bring a civil action against a person who is not a public officer or employee and when no misfeasance, malfeasance, or nonfeasance of a public officer or employee is alleged; (2) IND.CODE 5–11–5–1 does not require the attorney general to name a public officer or employee as a defendant; (3) IND.CODE 5–11–5–1 explicitly provides the attorney general may recover public funds from anyone; (4) the trial court's interpretation of IND.CODE 5–11–5–1 allows public funds to be diverted or misappropriated by anyone without the aid of a public official; (5) Brown is "any other proper person" as that phrase is used in

---

1. We have not been asked to decide and we do not decide whether the attorney general or a city or county attorney may take some other action, e.g. a breach of contract action, in a case of this nature.

IND.CODE 5–11–5–1; (6) IND.CODE 27–1–22–18 prohibits overcharging for insurance premiums and by doing so Brown was guilty of misfeasance, malfeasance, or nonfeasance; (7) in spite of the trial court's finding to the contrary, the court wrongly interpreted the words "and" and "or" as not interchangeable; and (8) this court should construe IND.CODE 5–11–5–1 in a manner which affords the most protection for public funds. The particular language of I.C. 5–11–5–1(a) at issue here is

> ... If an examination [of public accounts] discloses malfeasance, misfeasance, or nonfeasance *in office or of any officer or employee*, a copy of the report, signed and verified, shall be placed by the state examiner with the attorney general. *The attorney general shall* diligently institute and *prosecute civil proceedings against the delinquent officer, or upon the officer's official bond, or both, and against any other proper person* that will secure to the state or to the proper municipality the recovery of any funds misappropriated, diverted, or unaccounted for. (Our emphasis).

This is but the latest codification of legislation of considerable age which created a State Board of Accounts and provided for recovery of funds. See, *State ex rel. Licking Township v. Clamme, et al.* (1922), 80 Ind.App. 147, 153–156, 134 N.E. 676, 679. This language is the language of the original legislation. See, Acts of 1909, page 136 quoted in *Clamme, supra,* 80 Ind.App. at 159, 134 N.E. at 680–681 and Acts of 1917, page 347 as quoted in *Clamme, supra,* 80 Ind.App. at 160–161, 134 N.E. at 681. Contrary to one of the trial court's findings, appellate courts in this state have discussed this language. Our predecessor, the Appellate Court of Indiana, interpreted this language contrary to the position taken by the attorney general in the appeal before us. In *Clamme, supra,* the attorney general sued a road contractor because, he alleged, a road was not built according to the specifications of the contract. The attorney general made no allegation of misfeasance, malfeasance, or nonfeasance on the part of any public officer or employee. Finding the predecessor to

IND.CODE 5–11–5–1 did not give the attorney general authority to inspect the road the court sustained a demurrer to the complaint. The appellate court discussed the language at issue, saying

> The attorney-general is authorized to institute the action against the officer alone, or against the officer and his bondsmen; and is authorized also to join with the officer, or with the officer and his bondsmen, "any other proper person."
>
> As used in the foregoing quotation, the word "proper" is a word of limitation. The attorney-general may join with the delinquent officer any other person who would be a proper party defendant under the rules of law. The only action which the attorney-general is authorized to institute under these statutes is an action against a delinquent public officer and such other persons as may be properly joined, to recover "the amount misappropriated, diverted, or unaccounted for," together with "such penalties and interest as might be recoverable under laws other than this act."

*Clamme,* 80 Ind.App. at 163–164, 134 N.E. at 682. Cf. *State v. Rankin* (1973), 260 Ind. 228, 232, 294 N.E.2d 604, 607. (Our Supreme Court noted similar language then in IND.CODE 5–11–1–9 and said "under this statute if a report disclosed such malfeasance, misfeasance, or nonfeasance, the attorney general would be empowered to sue"); and *State v. Poindexter* (1987), Ind.App., 517 N.E.2d 88, 94 (State board audit results revealing suspected malfeasance, misfeasance, or nonfeasance by a public official merely empowers the attorney general to initiate civil proceedings against the public official.)

█ The office of the attorney general is statutory. The attorney general can derive authority only from statutes. *State v. Rankin* (1973), 260 Ind. 228, 230, 294 N.E.2d 604, 605. The relevant language of IND.CODE 5–11–5–1 plainly, clearly, and unequivocally allows the attorney general to bring an action under that section only "*[i]f* an examination discloses malfeasance, misfeasance, or nonfeasance *in office* or of

*any officer or employee.*" Thus, an allegation of malfeasance, misfeasance, or nonfeasance in office or of a public officer or employee is the *sine qua non* of an IND. CODE 5–11–5–1 action. Without such an allegation no claim under that section has been stated. Nothing in IND.CODE 5–11–5–1 or the other sections of the legislation indicates a contrary purpose.

■ Nor does IND.CODE 27–1–22–18 provide a basis for asserting nonfeasance, malfeasance, or misfeasance by Brown under IND.CODE 5–11–5–1. Brown was not "in office" and was neither an officer nor an employee of a governmental unit. Further, IND.CODE 27–1–22–18 is in the code sections concerning authority of the insurance commissioner, not the attorney general.

The State, having failed to allege malfeasance, misfeasance, or nonfeasance in office by a public officer or employee, failed to state a claim for relief. The trial court did not err by granting Brown's motion to dismiss.

Affirmed.

CHEZEM, J., concurs.

SHIELDS, P.J., concurs in result and files separate opinion.

SHIELDS, Presiding Judge, concurring in result.

I concur in result. The State does not have to specifically allege malfeasance, misfeasance or nonfeasance in office by a public officer or employee to have its complaint withstand a motion to dismiss for failure to state a claim. *State v. Rankin* (1973), 260 Ind. 228, 230–31, 294 N.E.2d 604. However, I concur in the result achieved by the majority because the motion to dismiss effectively was deemed by the trial court and the parties as a motion for summary judgment, as allowed by Ind. Rules of Procedure, Trial Rule 12 by the State's admission it is exclusively statutory authority for this action is IC 5–11–5–1 and further, that the State has no evidence of any malfeasance, misfeasance or nonfeasance on the part of any public officer or employee. These admissions entitled Brown to judgment as a matter of law.