**INDIANA STATE POLICE DEPART-MENT, Appellant–Defendant,**

v.

**Michael R. TURNER, Appellee–Plaintiff.**

No. 53A01–9102–CV–42.

Court of Appeals of Indiana,
First District.

Aug. 28, 1991.

Linley E. Pearson, Atty. Gen., David L. Steiner, Deputy Atty. Gen., Indianapolis, for appellant-defendant.

Richard S. Harrison, Karen A. Wyle, Cotner, Andrews, Mann & Chapman, Bloomington, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

The Indiana State Police Department (Department) appeals from a declaratory judgment in favor of Michael R. Turner (Turner) regarding his participation in Department's pension plan. We reverse and remand.

## ISSUES

We restate the issues on appeal as:

1. Is an action based on a contract for employment for a police department employee barred by a two-year statute of limitation, where such contracts are deemed to be pursuant to written contract?

2. Does a police department employee have standing to challenge a denial of participation in the police department's pension plan?

3. Are the court's findings of fact contrary to law where the court misclassified Turner's status in seeking relief?

## FACTS

IND. CODE § 10–1–1.9–3 defines which Department employees are eligible for participation in the Department's police pension. It defines "eligible employee" as "any regular police employee or regular limited police employee of the department." *Id.* This language has been consistent within the statute since 1957.[1] *See* IND. CODE ANN. § 47–835 (Burns 1957), IND. CODE ANN. § 10–1–2–1 (West 1971).

Until July of 1975, the Department interpreted and applied this statute to include motor carrier inspectors or weighmasters (Inspectors) as participants in the Department's pension, as "regular limited police employees." Inspectors' duties have remained constant at all relevant times. Inspectors wear uniforms, drive marked Department vehicles, issue citations, participate in traffic direction, and assist with traffic accidents. They are authorized to enforce a considerable number of statutes, as well as weight restrictions. In performing these enforcement duties, they may stop and inspect vehicles, issue citations, and detain persons in the same manner as a law enforcement officer. State police officers and Inspectors are the only Department employees subject to mandatory training requirements and minimum age requirements. Inspectors also receive a portion of their training at the Indiana Law

---

1. This statute was recently amended to exclude the term "regular limited police employee"; *see Issue Three.*

Enforcement Academy, where police officers are trained.

In July of 1975, the Department ceased allowing Inspectors who were hired after July 1, 1975 to participate in the police pension; instead, they were diverted to the Public Employee Retirement Fund (PERF). PERF provides lesser sick leave and life insurance benefits than the police pension fund does; Inspectors may obtain disability benefits under a state plan, but cannot obtain the special line-of-duty disability benefits available under the police pension. Although the Inspectors' duties remained the same, the Department began revising its rules, regulations, and standard operating procedures to conform to the change in policy effective July 1, 1975. This process included referring to Inspectors as "civilian employees."

The Department hired Turner as an automotive mechanic in July of 1976. He became a weighmaster trainee in August of 1978, and then an Inspector in April of 1979. He participates in PERF, but has never participated in the police pension.

On July 7, 1987, Turner sought membership in the police pension. The Department denied his request on July 30, 1987. The letter denying Turner's request stated that only police officers could be members of the police pension, and denied that Inspectors were "regular limited police employees" as defined by statute.

Turner filed a complaint for declaratory judgment and the parties agreed to submit the case by stipulation. The trial court awarded Turner a declaratory judgment and ordered other relief. This appeal ensued.

Other relevant facts will be stated in our discussion of the issues.

## DISCUSSION AND DECISION

*Issue One*

■ Department first contends that Turner's action was barred by a two-year statute of limitation. We find that the trial court applied the proper statute of limitation and Turner's action is not barred thereby.

The parties each cite a statute of limitation purportedly applicable, but Turner's statutory interpretation is correct. I.C. § 34-1-2-2(6) provides the proper limitation period; this section covers actions relating to written contracts. We find that *City of Terre Haute v. Brown* (1985), Ind. App., 483 N.E.2d 786, is dispositive. *Brown* involved firemen suing a city for back pay and an injunction. The court held that when city employees are appointed or enter into performance of their duties pursuant to statute, valid written contracts are created; these contracts are deemed written contracts, and are governed by the 20-year statute of limitations found in I.C. § 34-1-2-2(6). *Brown*, 483 N.E.2d at 788.

Like the firemen in *Brown*, Turner was a duly appointed member of the Department, who commenced his duties as an Inspector under the auspices of the Department and pursuant to statute. Similarly, his employment contract is also deemed written for statute of limitation purposes. We find the difference the Department cites in distinguishing the case, that *Brown* involved a municipal employee while the case at bar involves a state employee, is not relevant when applying the correct limitation period. *See City of Indianapolis v. Sherman* (1980), Ind.App., 409 N.E.2d 1202.

Moreover, we find the Department's request for us to follow *State v. Puckett* (1988), Ind.App., 531 N.E.2d 518, unpersuasive. *Puckett* is distinguishable since it involved a statute defining only a particular benefit, and not an entire employment classification created by statute. *Id.* at 525-526. Thus, we find that the applicable statute of limitation has not expired.

*Issue Two*

■ The Department also claims that Turner lacks standing to assert a claim for participation in the police pension. We disagree.

■ Two prerequisites exist for standing to prosecute a declaratory judgment action: The party must have a substantial present interest in the relief sought; and, the party must show that a question has arisen affecting his rights that ought to be

decided to safeguard such rights. *Health and Hospital Corp. v. Marion County* (1984), Ind.App., 470 N.E.2d 1348, 1353. In a declaratory judgment action, the court determines what the specific rights, duties, and obligations of the respective parties are at the time of trial. *Keystone Square Shopping Center v. Marsh Supermarkets* (1984), Ind.App., 459 N.E.2d 420, 425, *trans. denied.* In an analysis based on these standards, we find that Turner has standing to bring the action in question.

Turner sought clarification of the Department's policy in defining participants in its police pension. If he prevailed on the merits of his suit, he would have received considerable benefits from the Department's pension program. Turner has shown a stake in the outcome, at the time of trial and presently, which directly affects his right to receive pension benefits as a Department employee. The court's determination of the class of employees allowed to participate in the pension plan substantially affects Turner. Thus, Turner has standing to pursue his claim and meets this threshold requirement.

*Issue Three*

█ The Department next asserts that the trial court's judgment is contrary to law and that the court misclassified Turner's status as a Department employee. We find that the trial court erred in its classification of Inspectors' employment status.

█ Since the trial court made specific findings of fact and conclusions of law, we are bound to review them under the following standard: we first must determine whether the evidence supports the findings; we then determine whether the findings support the judgment. *Porter County Board of Zoning Appeals v. Bolde* (1988), Ind.App., 530 N.E.2d 1212, 1215. The judgment of the trial court will be affirmed if we conclude that the special findings support the judgment and are not clearly erroneous. *ITT Industrial Credit Co. v. R.T.M. Development Co.* (1987), Ind. App., 512 N.E.2d 201, 203. A judgment is clearly erroneous where a review of the record leaves us with a firm conviction that

a mistake has been made. *Porter County,* 530 N.E.2d at 1215.

Because the parties submitted this case by stipulation and agreed to forgo a formal trial, the stipulated facts compose the evidence and merge with the findings; thus, the first tier of the *Porter County* test is met. Our remaining inquiry is whether the stipulated facts the court accepted support the trial court's judgment. We have determined that they do not.

We first note that while I.C. § 10-1-1.9-3 defines "eligible employee" in the context of benefits available to Department employees, the statute never defines the terms contained within the definition of "eligible employee." The annotations contain no cases interpreting this section. Thus, the terms "regular police employee" and "regular limited police employee" remain ambiguous. As a matter of law, however, we find that Inspectors are not "regular limited police employees." Furthermore, we find that Inspectors are not "regular police employee[s]"; this status is reserved for state police law enforcement officers, whose duties are defined in I.C. § 10-1-1-10.

█ Statutes must be construed to give effect to legislative intent, and courts must give deference to such intent whenever possible; thus, courts must consider the goals of the statute, and the reasons and policy underlying the statute's enactment. *In re Middlefork Watershed Conservancy District* (1987), Ind.App., 508 N.E.2d 574, 577. Statutes must be considered within the context of the entire act, and not in isolation. *Id.* Words in statutes are to be given their plain, ordinary, and usual meanings, absent contrary legislative expression. *Id.*

We first turn to I.C. 10-1-1-2, which divides the Department's employees into two categories: police employees and civilian employees. The statute's definition of police employees provides that an employee who is "assigned police work as a peace officer" is included in the section. When comparing Inspectors' duties and police officers' duties, we see significant differences that prevent classifying Inspectors

under the "police employee" category of I.C. § 10–1–1–2. Although Inspectors wear state uniforms, drive state vehicles, issue citations, and may even detain persons in the same manner as law enforcement officers, they do not possess the plenary powers of state police officers, including the power to arrest. *See* I.C. § 10–1–1–25; *cf.* I.C. § 10–1–1–10. Therefore, they are appropriately classified as civilian employees.

■ Moreover, we find persuasive a recent statutory amendment to I.C. § 10–1–1.9–3, Pub.L.No. 24–1991, § 4, which became effective on July 1, 1991. This amendment revised I.C. § 10–1–1.9–3, so that the section now reads: " 'Eligible employee' means any regular police employee of the department." Thus, the legislature has removed the "regular limited police employee[s]" from this section's coverage. We recognize that the expression of intent by a subsequent legislature regarding the proper construction of a statute has no judicial force, but may be respectfully considered when interpreting a statute that is unclear. *Wilson v. State* (1978), 270 Ind. 67, 69–70, 383 N.E.2d 304, 306. Where, as here, however, the statute as a whole indicates that Inspectors are not to be treated the same as law enforcement officials, and the legislature has so acted since 1975, we find such recent enactments persuasive in buttressing the Department's contentions of corresponding legislative intent.

The parties' stipulations are also instructive. They included statements that described the Inspectors' change in classification for benefits as of July, 1, 1975, and acknowledged that Inspectors were considered civilians; and, stated that after July 1, 1975, civilians were not allowed to participate in the police pension. The trial court's determinations, even under our deferential standard of review, are thus not supported by the findings and agreed stipulations. Statutory construction and the Department's historical application of the po-

lice pension and classification of its participants warrant reversal. We cannot ignore the clear language of the statute or the Department's expertise in application of its operating provisions. *See Health and Hospital Corp.,* 470 N.E.2d at 1357. Turner does not qualify for participation in the police pension.[2]

Reversed and remanded.

ROBERTSON and BUCHANAN, JJ., concur.

---

**2.** The Department alleges that the trial court exceeded its statutory and jurisdictional authority in ordering affirmative actions purporting to bind parties and non-parties. Because of our resolution of *Issue Three,* no relief is mandated; Turner is left with his PERF benefits and he may not participate in the police pension.