Monica GUZMAN, Appellant–Defendant,

v.

AAA AUTO RENTAL, Appellee–Plaintiff.

No. 53A01–9411–CV–352.

Court of Appeals of Indiana.

Aug. 15, 1995.

James C. McGillivray, Nancy M. Nizamoff, Student Legal Services, Bloomington, for appellant.

## OPINION

ROBERTSON, Judge.

Monica Guzman appeals the judgment entered after a trial before the bench in favor of AAA Auto Rental [AAA] in this small claims case. Guzman raises several issues which we restate and consolidate into one which requires that we reverse. The restated, dispositive issue is:

> whether Guzman has demonstrated prima facie error in that the statute governing motor vehicle rental companies and their contractual relationships with their customers, Ind.Code 24–4–9–1 through –24, does not permit rental companies to hold customers liable for damage to an automobile's engine which is not caused by a collision.

## FACTS

The facts in the light most favorable to the trial court's judgment reveal that Guzman's friend, Barbara Graves, rented a car from AAA in Bloomington, Indiana with Guzman listed as an authorized driver. Guzman telephoned AAA to inform them that she would be driving the rental car to Chicago. As Guzman was driving the car on the interstate highway to Chicago at dusk on November 8, 1993, about 25 miles from her destination, the battery light went on in the car. About ten minutes later, the temperature light came on in the car. Guzman nevertheless continued to drive the car toward her destination, skipping a couple of exits from the interstate. The car eventually broke down on the interstate.

The car's engine sustained damage from overheating due to Guzman's failure to promptly stop the car after the warning lights had come on. AAA had the car towed back to Bloomington for repair. Substantial repairs to the car's engine were necessary and effected, including the resurfacing of the cylinder heads, a valve job, and the replacement of the fan relay switch. The towing and repair bills totalled nearly $1,000.00.

Although Guzman testified that she had been afraid to pull off the highway earlier, the trial court found that Guzman had willfully failed to stop because she was anxious to reach her destination. The trial court found that Guzman's explanation of her actions was not credible. The trial court found that Guzman had breached the car rental contract by failing to return the car in good and safe mechanical condition. The trial court also found that Guzman was liable for the damage because she had "committed vandalism by the wilful infliction of damage to this car by continuing to drive it after knowing it was not operating properly." The trial court entered judgment in favor of AAA in the amount of $1,437.00 representing the towing and repair bills and AAA's attorney fees. This appeal ensued.

Additional facts are supplied as necessary.

## DECISION

■ First, we acknowledge that AAA has declined to file an appellee's brief, and therefore, Guzman need show only prima facie reversible error to be successful in this appeal. *Sterrett v. Hartzell* (1994), Ind.App., 640 N.E.2d 74, 77. We may reverse the trial court's decision if error appears on the face of the argument. *Id.*

Motor vehicle rental companies and their contracts with customers are governed by

I.C. 24–4–9–1 through –24. The pertinent portions of I.C. 24–4–9–13 read as follows:

> A rental company and renter may agree that the renter will be responsible for no more than all of the following:
>
> (1) *Physical or mechanical damage* to the rented vehicle ..., *resulting from collision* ....
>
> (2) Loss due to theft ....
>
> (3) *Physical damage* ... resulting from vandalism occurring [in connection with the theft of the rented vehicle].
>
> (4) *Physical damage* to the rented vehicle ..., resulting from *vandalism* unrelated to the theft of the rented vehicle.

(Emphasis added). A car rental agreement which does not conform to this chapter is unenforceable. I.C. 24–4–9–19.

■ The present circumstances do not involve a collision or theft. Therefore, Guzman may be held liable under subsection 4 only, that is, for the *physical* damage of the car due to *vandalism*. The trial court based its decision on this section finding, as discussed above, that Guzman's failure to promptly stop the car after the warning lights had come constituted vandalism resulting in physical damage to the car. Guzman asserts the small claims court's judgment is contrary to law because the car sustained mechanical damages and not physical damages. We agree.

■ When interpreting a statute, the foremost objective is to determine and effect legislative intent. *Spaulding v. International Bakers Services, Inc.* (1990), Ind., 550 N.E.2d 307, 309. Statutes must be construed to give effect to legislative intent, and courts must give deference to such intent whenever possible. *Indiana State Police Department v. Turner* (1991), Ind.App., 577 N.E.2d 598, 601, *trans. denied*. Thus, courts must consider the goals of the statute and the reasons and policy underlying the statute's enactment. *Id.* Courts are to examine and interpret a statute as a whole, giving words common and ordinary meaning, and not overemphasize a strict literal or selective reading of individual words. *Spaulding*, 550 N.E.2d at

309. Words and phrases are taken in their plain, ordinary, and usual meaning unless a different purpose is manifested by the statute. *State ex rel. Pearson v. Brown* (1989), Ind.App., 537 N.E.2d 534, 535, *trans. denied.* Where possible, every word must be given effect and meaning, and no part is to be held meaningless if it can be reconciled with the rest of the statute. *Spaulding,* 550 N.E.2d at 309.

The statute under scrutiny in the present case makes reference, and thus distinguishes between, two types of damages—*physical* damages and *mechanical* damages. *See* I.C. 24–4–9–13 (as set out above). Neither type of damage is defined in the statute and no case law on the statute exists. Thus, we must give the words their plain, ordinary, and usual meaning, *State ex rel. Pearson,* 537 N.E.2d at 535, and we must attempt to give both words effect and meaning, *Spaulding,* 550 N.E.2d at 309. "Physical" is defined as "[r]elating or pertaining to the *body,* as distinguished from the mind or soul or the emotions. Material, substantive, having an objective existence, as distinguished from imaginary or fictitious ..." Black's Law Dictionary, Sixth Edition (1990), p. 1146 (Emphasis added). "Mechanical" is defined as "of, relating to, or concerned with machinery or tools ... produced or operated by a machine ..." Webster's Third New International Dictionary (Unabridged), (1976), p. 1400–1401.

■ The manifest intention of I.C. 24–4–9–13 is to prescribe the exclusive, limited circumstances under which the renter of a car may be held liable for the loss of, or damage to, a rental car. To read the term "physical damage" broadly, strictly, and literally to include engine damage due to overheating would render the term "mechanical damage" meaningless and superfluous. Thus, we interpret the statute as placing the responsibility for automobile maintenance and the risk of engine/mechanical breakdown upon the owner of the rental car by providing that the rental company may recover for mechanical/engine damage only in the event of a collision.[1]

1. In response to the dissent, we would respectfully note that we have not held that a renter of a

We hold that the automobile rental agreement involved in the present case is unenforceable to the extent that it purports to assign the risk of mechanical/engine damage to Guzman under the present circumstances which do not involve a collision. Guzman has demonstrated prima facie error. Therefore, we reverse and remand with instructions that judgment be entered in favor of Guzman.

Judgment reversed.

BARTEAU, J., concurs.

BAKER, J., dissents with separate opinion.

BAKER, Judge, dissenting.

I respectfully dissent. Although I agree with the majority that the statute places the responsibility for the risk of engine/mechanical breakdown due to ordinary wear and tear upon the rental car company, I cannot agree with the majority's construction of IND. CODE § 24–4–9–13. The majority apparently holds that a renter may never be held responsible for any mechanical damage, as opposed to physical damage, which does not result from collision or theft. However, under such a construction, the renter would not be held responsible for mechanical damage to the vehicle intentionally caused by him which did not result from a collision. Thus, even if a renter put sugar in the gas tank of a rental car, the renter could not be held responsible for any resulting mechanical damage to the engine. I cannot agree that the legislature, in enacting I.C. § 24–4–9–13, would have intended such a result.

In the present case, the small claims court found that Guzman committed vandalism by wilfully inflicting damage to the car's engine by continuing to drive it after realizing that it was not operating properly. Given this finding and in recognition of our deferential standard of review, I would affirm the small claims court's judgment.

---

rental car may never be held responsible for vandalizing a rental car—for example, by putting sugar in the gas tank as suggested by the dissent. In fact, such conduct, which constitutes criminal mischief, would enable the rental agency to recover treble damages and attorney fees under Ind.Code 34–4–30–1 which provides a civil reme-

dy for the victims of crimes against property. However, we hold that Guzman's actions in continuing to drive the car after it had overheated do not amount to criminal behavior and that our legislature, in enacting I.C. 24–4–9–13, intended to place the risk of mechanical breakdown on the rental agency under the present circumstances.