[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Plaintiff's Motion for Contempt andDefendant's Motion for Modification
This action was initiated by the Plaintiff's October 13, 1995 Notice of Filing Foreign Matrimonial Judgment; intending to enforce in Connecticut, Indiana orders arising from the parties' marital dissolution.
Plaintiff simultaneously with the filing of the Indiana Judgment filed a Motion for Contempt regarding specific Indiana orders of November 9, 1994. The orders related to child support for the parties' daughter including college expenses.
The Defendant filed a Motion to Dismiss which was denied on May 9, 1996 after an evidentiary hearing on jurisdiction occurring April 29, 1996.
The Order of this court of May 9, 1996 found that the Indiana order of November 9, 1994 was a foreign matrimonial judgment which the Connecticut courts would enforce.
Defendant subsequently, on June 28, 1996, filed a Motion to CT Page 5347 Modify the Indiana Judgment.
An evidentiary hearing was held on August 13, 1996, when interim orders were entered by this court. The Defendant was ordered to pay $9,000 towards an arrearage due Vanderbilt University and the parties were ordered to split equally $13,388.7_ due Vanderbilt for their daughter's 1996-1997 school year first semester.
The parties have briefed the case as of September 3, 1996. In addition the court has received the following;
 Correspondence from Plaintiff's counsel, Plaintiff's Motion to Strike and Amendment to Plaintiff's Brief all dated September 5, 1996.
 Correspondence from Defendant's counsel dated September 6, 1996, responding to Plaintiff's transmittals of September 5, 1996.
The dispute concerns the Indiana orders which require the Defendant to pay as a component of child support college expenses of the parties' daughter Cameronne Mary Powell, born October 2, 1975. Indiana law clearly provides for the award of college expenses as a component of child support. Ind. Code Ann. §31-1-11.5-12, Sterret v. Hartzell, 640 N.E.2d 74 78 (1994).
Pursuant to General Statutes 46b-71(b) in actions in Connecticut on a foreign matrimonial judgment "the substantive law of the foreign jurisdiction shall be controlling."
The Defendant was ordered on November 9, 1994 by the Indiana court to pay $15,000 for his daughter's 1994-1995 college expenses, $150 a week support during the summer months Cameronne resides with her mother, $750 in attorney's fees and $109.50 in unreimbursed medical expenses. Prior to the court's interim orders of August 13, 1996, Defendant had paid $13,500 to Vanderbilt and $900 to his daughter. This represented payments for his daughter's first two years of college. The Defendant made no payment towards the attorney's fees and unreimbursed expenses. The Defendant does not assert any financial inability to pay the Indiana orders. The Defendant is in contempt of the Indiana orders, which were properly filed in Connecticut.
The Plaintiff estimated in her testimony seeking the Indiana CT Page 5348 orders that the college expenses for her daughter were $30,000. This included the full cost of Vanderbilt, plus approximately $3,000 in incidental expenses of her daughter. The $30,000 figure did not deduct a $5,000 scholarship, student loans or the child's earnings.
The Defendant seeks to modify the Indiana orders to deduct all scholarships, loans and earnings by the student. The balance to be divided between the parties.
The parties stipulated that the directly billed expenses by Vanderbilt less grants or scholarships were: 1994-1995 $20,141.37, 1995-1996 $26,072.10, 1996 first semester $13,426.78 full year projection $26,853.26.
The court finds that such figures represent the true college expenses of Cameronne at Vanderbilt University. Loans which must be repaid by the student should not be credited to the parents; who in this case can afford to pay the college expenses of their one child. Substantially greater loans could be obtained thus defeating the purpose of Indiana law in protecting children of divorce. The touchstone being what would have happened if the marriage had remained intact. College educated parents with successful careers and substantial incomes would be unlikely to saddle their only child with substantial debt related to undergraduate education.
Plaintiff seeks to add to the direct expenses incidental expenses of the daughter; while the Defendant seeks a dollar for dollar credit against their joint obligation for college expense of the daughter's earnings. The court rejects both positions. The payment by parents of substantial college expenses including tuition, room and board; would seem to impose on the child a work obligation for incidental expenses. Imposing on the child an obligation for incidental expenses would preclude applying such earnings to direct expenses.
Parents with more limited means and resources could require greater effort on the child's part; but that is not the factual scenario here.
Plaintiff objects to any retroactive modification; but the Connecticut court feels obligated to modify by correcting the Indiana order by substituting the actual college expenses for the estimated. The actual expense data presented to the Connecticut CT Page 5349 court combined with the participation of both parties provided a clearer picture. Indiana law allows the correction of a judgment which does not express the true intention at the time judgment was entered, Lankenau v. Lankenau, 365 N.E.2d 1241 (Ind.App. ).
The Defendant's obligation for college expenses for 1994-1995 is $10,070.66; for 1995-96 $13,036.05 and for 1996-1997 $13,426.78. Defendant had paid $13,500 to Vanderbilt and by court order of August 13, 1996 an additional $9,000 and $6,794.78. The Defendant has paid $29,294.78 towards such obligations. The final payment for the 1996-1997 school year is not yet due. The Defendant is also obligated pursuant to Indiana law for the 1997-1998 school year for one-half of the directly billed Vanderbilt University expenses, provided Cameronne remains a full time undergraduate student at Vanderbilt University for that year.
Defendant seeks to end his obligation in December of 1997, but there was no evidence that Cameronne would have actually completed her graduation requirements by such date. If Cameronne should graduate before the completion of the second semester of the 1997-1998 academic year; then the Defendant's obligation for college expenses would also end.
The court does not credit Defendant with $900 provided to his daughter. Support should be paid to the Plaintiff or to Vanderbilt University; not to the child.
Defendant's failure to pay a fair share of the college expenses has resulted in late fees being imposed by Vanderbilt. All late fees will be the obligation of the Defendant; in addition to the payments aforementioned.
Defendant is also ordered to pay Indiana counsel fees of $750 to Plaintiff; $150 a week for the summers of 1995 and 1996 to the Plaintiff and the $109.50 in unreimbursed medical expenses within thirty days of this order. Defendant for the summer of 1997 will pay Plaintiff $150 a week, weekly in advance; for every week during the summer in which Cameronne reside with Plaintiff.
Defendant having been found to be in willful contempt of the Indiana order filed in this court; is ordered to pay Plaintiff $5,000 for counsel fees incurred in enforcing the Indiana orders, Plaintiff's counsel fees greatly exceed such award; but Plaintiff has contributed to her expense by initially seeking an order in Indiana which included expenses only indirectly college related CT Page 5350 and failed to deduct a $5,000 scholarship.
Plaintiff's Motion to Strike of September 5, 1996 is Denied.
Plaintiff's Motion for Contempt is granted.
Defendant's Motion to Modify is Granted in part.
Defendant is to pay his 50% of share of second semester 1996-1997 expenses when due, and 1997-1998 expenses when due.
Defendant is to pay his outstanding balance towards his daughter's first two and one-half years college expenses within thirty days, legal fees must be paid Plaintiff within sixty days.
McWeeny, J.