Tony BILLINGS, Appellant–
Respondent,

v.

Kendra ODLE, Appellee–Petitioner.

No. 18A04–0711–JV–651.

Court of Appeals of Indiana.

July 30, 2008.

Mark A. Delgado, Muncie, IN, Attorney for Appellant.

## OPINION

BRADFORD, Judge.

Appellant–Respondent Tony Billings appeals following the trial court's order finding him in arrears of his child support obligation. On appeal, Billings claims that he was entitled to credit for child support paid while exercising physical custody over Daughter and that the termination of his obligation to pay a portion of Daughter's post-secondary education expenses should be applied retroactively to the last date which Daughter was enrolled at a post-secondary institution. Concluding that Billings was entitled to credit for child support paid while exercising physical control over Daughter and that Billings should only be obligated to pay Daughter's educational expenses for the period of time in which she was actually enrolled at a post-secondary institution, we reverse and remand to the trial court for further proceedings not inconsistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

Billings and Kendra Odle are the parents of Daughter, who was born on October 8, 1986. Daughter resided with Odle for most of her childhood, but in August of 2004, she moved into Billings's home in Griffith, Indiana. This move was anticipated to be permanent and was made with Odle's consent. Daughter resided with Billings from August of 2004 to July of 2005, during which time Billings assumed custody and provided Daughter with food, clothing, shelter, and medical care. Additionally, Daughter obtained her GED while residing with Billings. Throughout the eleven-month period of time in which Daughter resided with Billings, he continued to pay child support to Odle in the amount of $85 per week. In July of 2005, Daughter moved out of Billings's home. After Daughter moved out, she resided first with her boyfriend and then with a friend. Eventually, Daughter returned to Odle's home.

On November 17, 2005, Odle petitioned the trial court for a modification of support and requested that Billings pay a portion of Daughter's post-secondary education expenses. On January 5, 2006, Billings petitioned that Daughter be emancipated and for a termination of his support obligation. The trial court conducted a hearing on February 17, 2006, at which time the trial court denied Billings's petition to emancipate and granted Odle's petition for modification of support. The trial court's stated reasoning was to provide Daughter with the opportunity to attend school. The trial court made it clear, however, that support would be terminated if Daughter failed to stay in school with at least a "C" average. Tr. p. 34. The trial court instructed Daughter to provide Billings with copies of her grades and evidence that she was enrolled in classes each term. Additionally,

the trial court instructed Odle to prepare a proposed order outlining Billings's modified obligation. Meanwhile, Billings continued to pay child support at the rate of $85 per week.

On January 23, 2007, almost one year after the modification hearing, Odle filed the proposed order with the trial court. The trial court adopted and entered the proposed order on January 26, 2007. The new order set Billings's child support obligation at $162 per week and his obligation for post-secondary education at $138 per week, retroactive to the February 17, 2006 hearing.

As it happened, Daughter had attended Indiana Business College ("IBC") only from April 3, 2006 until August 18, 2006. Daughter, however, had failed to notify Billings that she was no longer enrolled at IBC.

On April 3, 2007, upon learning that Daughter was no longer enrolled at IBC, Billings again filed a petition for emancipation and termination of support. On June 21, 2007, the trial court granted Billings's petition. On August 27, 2007, the trial court found that Daughter was emancipated as of April 3, 2007, and found that Billings was in arrears of his child support obligation in the amount of $11,750. The trial court ordered Billings to pay the full amount on or before October 31, 2007.

On September 26, 2007, Billings filed a motion to correct error, alleging that the finding that he was in arrears of his child support obligation in the amount of $11,750 was "contrary to law and the evidence before the Court." Appellant's App. p. 89. The trial court denied Billings's motion on October 12, 2007. This appeal follows.

## DISCUSSION AND DECISION

■ We initially note that Odle has filed no appellee's brief in this case. Where the appellee fails to file a brief on appeal, we may, in our discretion, reverse the trial court's decision if the appellant makes a *prima facie* showing of reversible error. *McGill v. McGill*, 801 N.E.2d 1249, 1251 (Ind.Ct.App.2004). In this context, *prima facie* error is defined as "at first sight, on first appearance, or on the face of it." *Orlich v. Orlich*, 859 N.E.2d 671, 673 (Ind. Ct.App.2006). This rule was established for our protection so that we can be relieved of the burden of controverting the arguments advanced in favor of reversal where that burden properly rests with the appellee. *McGill*, 801 N.E.2d at 1251. Additionally, the statement of facts contained in appellant's brief is deemed by us to be accurate and sufficient for the disposition of this appeal. *Johnson County Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind.Ct.App.1985).

■ Decisions regarding child support generally rest within the sound discretion of the trial court. *Smith v. Smith*, 793 N.E.2d 282, 284 (Ind.Ct.App.2003). We reverse such a determination only if there has been an abuse of discretion or the trial court's determination is contrary to law. *Id.* By the same token, the purpose of child support is the welfare of the child and not the punishment of the noncustodial parent. *Id.*

## I. Credit for Support Paid While Exercising Physical Custody

■ Billings contends that the trial court erred in failing to grant him credit for child support paid to Odle during the extended period of time that Daughter resided with him. Generally, a noncustodial parent is not entitled to credit for payments not conforming to the support order. *Sterrett v. Hartzell*, 640 N.E.2d 74, 78 (Ind.Ct.App.1994). However, in some circumstances, a credit may be granted to the noncustodial parent in the event of

nonconforming support payments. *Smith,* 793 N.E.2d at 284–85. More specifically, the trial court may afford relief from an unmodified support order if the noncustodial parent has, by agreement with the custodial parent, assumed custody and has provided food, clothing, shelter, medical attention, and school expenses and has exercised parental control for an extended period of time. *Id.* at 285.

■ Billings argues that he is entitled to relief because he falls within the exception to the rule that when the noncustodial parent takes custody of a child for an extended period of time, it is equitable to credit the noncustodial parent for support payments made. *See Sterrett,* 640 N.E.2d at 78. Here, Daughter resided with Billings for nearly a year, during which time Billings assumed custody and provided Daughter with food, clothing, shelter, and medical care. Billings also supported Daughter's continued education by requiring that she obtain her GED. Further, we observe that during the period of time in which Daughter resided with Billings, he continued to pay child support to Odle. Because it is undisputed that Billings assumed custody of Daughter, provided for her necessities of life, encouraged her to complete her secondary education, and exercised parental control over her activities for an extended period of time, we conclude that it is apparent that a permanent change in custody occurred. *See Smith,* 793 N.E.2d at 286 (stating that it was apparent that a permanent change in custody had occurred where father had, for approximately two or three years, assumed custody of each of the children on separate occasions, provided for their necessities of life, and exercised parental control over their activities). As a result, we conclude that Billings has established *prima facie* error by the trial court's failure to credit him in accordance with this exception.

*Sterrett,* 640 N.E.2d at 78. Therefore, on remand, we instruct the trial court to adjust the arrearage by the credit due in light of this exception. *Id.*

## II. Obligation for Post–Secondary Education Expenses

■ Billings also contends that the trial court erred in failing to recognize the date that Daughter terminated her enrollment at IBC as the retroactive date on which his obligation to pay for Daughter's post-secondary education expenses terminated. It is well-settled in Indiana that a child support order and an educational expense order are separate and distinct. *Orlich,* 859 N.E.2d at 676. Here, the trial court's January 26, 2007 support order provided that Billings's child support obligation was $162 per week and his post-secondary education expense obligation was $138 per week. Billings concedes that his obligation to pay $162 in child support continued until Daughter was emancipated on April 3, 2007, but claims that his obligation to pay Daughter's post-secondary education expenses should be limited to the period of time in which she was enrolled in a post-secondary institution. We agree.

■ The trial court ordered Billings to pay $138 per week for Daughter's educational expenses starting on February 17, 2006. The trial court did not relieve Billings of this obligation until April 3, 2007, approximately fifty-nine weeks later. Daughter, however, had only been enrolled at IBC from April 3, 2006, until August 18, 2006, or approximately twenty weeks. As such, the trial court's order obligated Billings to pay educational expenses for approximately thirty-nine weeks in which Daughter was not enrolled at IBC or any other post-secondary institution. Additionally, we find it troubling that Daughter apparently ignored the trial court's instructions that she provide Billings with

copies of her grades and evidence that she was enrolled in classes each term. Because the purpose of child support and the obligation to pay for educational expenses is to provide for the welfare of the child and not the punishment of the noncustodial parent, we conclude that Billings should only be obligated to pay Daughter's educational expenses for weeks in which she was actually enrolled at a post-secondary institution. *See Smith*, 793 N.E.2d at 284 (stating that the purpose of child support is the welfare of the child and not the punishment of the noncustodial parent). Therefore, on remand, we instruct the trial court to adjust Billings's arrearage to reflect Billings's obligation to pay for Daughter's educational expenses only for the time period in which Daughter was actually enrolled at a post-secondary institution.

The judgment of the trial court is reversed, and this cause is remanded with instructions for further proceedings not inconsistent with this opinion.

BARNES, J., and CRONE, J., concur.